### CARROLL v. PEASE.
No. 73-930-CA.

Circuit Court, St. Lucie County.

March 27, 1974.

William F. Willes of Willes, Bittan & Willes, Fort Pierce, for the plaintiff.

C. R. McDonald, Jr., of McDonald & Lloyd, Fort Pierce, for the defendant.

JAMES E. ALDERMAN, Circuit Judge.

*Final judgment:* This is an action by Mona M. Pease Carroll against her former husband, Frederick R. Pease, to set aside a deed to real property because of alleged fraud in the inducement.

The parties hereto were married to each other on February 23, 1956, in Hamden, Connecticut, their marriage having subsequently been dissolved by the circuit court of St. Lucie County, Florida, on March 9, 1973. The parties had entered into a separation and property settlement agreement which was admitted as evidence in the divorce case and incorporated in the final judgment of dissolution of marriage. The agreement provided that Mrs. Carroll would have custody of their younger son, Frederick R. Pease, Jr., and that Mr. Pease would have custody of their older son, Stephen Frank Pease, with reasonable visitation rights reserved to each of the parties as more specifically set out in the agreement. One of the several provisions of the agreement required Mrs. Carroll, upon entry of the final judgment dissolving the marriage, to deed to Mr. Pease by quit claim deed her interest in the former marital home, which had been owned by them as an estate by the entireties. Immediately after entry of the final judgment, Mrs. Carroll, in compliance with the property settlement agreement, executed a quit claim deed conveying her interest in the home to Mr. Pease. It is this deed which Mrs. Carroll is asking the court to set aside.

Mrs. Carroll's cause of action is based upon the allegation that Mr. Pease appeared to agree to the terms of the separation and property settlement agreement in order to fraudulently induce her to execute the quit claim deed, and that thereafter, on or about April 18, 1973, he falsely and fraudulently procured physical control of Frederick R. Pease, Jr. and spirited him from the state of Florida to defeat her custody rights.

There is no doubt that Mr. Pease violated the child custody provisions of the agreement, which by reference had been made a part of the final judgment. Mrs. Carroll had to be out of town for a couple of days and it was mutually agreed to let the younger son stay with his father until she returned. The next day, Mr. Pease left Fort Pierce with the child and subsequently took him to the

state of Connecticut. Since that time, with two brief exceptions during court proceedings in Connecticut, Mrs. Carroll has not seen her son.

If Mr. Pease were before the court on a rule to show cause, he most certainly could be found guilty of contempt of court and be punished accordingly. However, the question in this case is not limited to whether Mr. Pease, subsequent to entry of the final judgment of dissolution of marriage, violated the terms thereof. If the deed were valid on March 9, 1973, when it was executed and delivered, the subsequent violation by Mr. Pease of the child custody provisions of the agreement would not invalidate the deed. The question upon which this case must be decided is whether the execution of the deed by Mrs. Carroll was induced by fraud on the part of Mr. Pease. The burden of proving this fraud by clear and convincing evidence is upon Mrs. Carroll.

In an effort to meet this burden Mrs. Carroll testified to a continuing history of harassments, threats and malicious acts against her by Mr. Pease, both during and after their marriage. Some of these acts in a proper forum might be the basis or criminal or civil action against Mr. Pease, but do not establish that at the time the separation and property settlement agreement was signed by the parties, Mr. Pease was acting fraudulently for the purpose of obtaining the quit claim deed. The evidence shows that the agreement was the result of considerable negotiation with each party being represented by able and competent attorneys. The ownership of the home and the custody of the children were only a part of the overall agreement. Mrs. Carroll received the furniture and appliances accumulated by the parties during their marriage, she was paid $1,500 for any interest she might have in the family automobile, and she received the entire balance of a savings account of approximately $8,500, which at the time of the agreement was in her name, but at one time during the marriage had been in their joint names. There were other stipulations, some benefiting Mr. Pease, others benefiting Mrs. Carroll.

The actions of Mr. Pease were wrongful and are not condoned or approved by this court. However, Mr. Pease's bad conduct alone is not a sufficient legal reason to rescind the deed which he received from Mrs. Carroll pursuant to their agreement. To hold otherwise would encourage and invite challenges to vested property rights in every dissolution of marriage case where there is a subsequent violation of the terms of a child custody agreement. Another consideration is that no child custody agreement can be absolute. The best interest of the child is paramount, and if conditions change the court may modify the child custody rights of the parents, regardless of the provisions of any prior agreement between them.

The fact that Mrs. Carroll no longer has custody of her son and that Mr. Pease obtained custody in violation of the terms of the original agreement, does not prove that Mr. Pease entered into the agreement fraudulently.

Although not determinative of the issue in this case, the evidence establishes that after Mr. Pease took his son, Frederick R. Pease, Jr., to Connecticut, he instituted there a habeas corpus proceeding to obtain legal custody of said child. At a hearing on March 13, 1974, in the superior court, held at New Haven, Connecticut, wherein both Mr. Pease and Mrs. Carroll were present, represented by their respective attorneys, Mr. Pease was granted custody of Frederick R. Pease, Jr., subject to visitation rights of Mrs. Carroll from July 15 through August 15 of each year. There has also been a defacto change of custody of the older son, Stephen Frank Pease. This child, several months ago, elected to return to Florida and is now living with Mrs. Carroll. The custody of the two children is now reversed from that contemplated by the parties in their original agreement.

The court, having considered all of the evidence and testimony in this case, having read the briefs of counsel, and being fully advised in the premises, determines and finds that the plaintiff, Mona M. Pease Carroll, has failed to establish by clear and convincing evidence that the execution and delivery by her of the quit claim deed, which is the subject matter of this suit, was obtained as the result of fraud on the part of the defendant, Frederick R. Pease.

It is thereupon ordered and adjudged that final judgment be and the same is hereby entered in favor of the defendant, Frederick R. Pease, and against the plaintiff, Mona M. Pease Carroll.